IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONALD BRATTON AND DONALD MALLARD, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JERVIE MALLARD, SR., DECEASED, <br><br> Plaintiffs <br><br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY; PASTOR, BEHLING & WHEELER, LLC; AND ENVIRONMENTAL RESOURCES MANAGEMENT SOUTHWEST, INC., <br><br> Defendants | § § § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO: _____ |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL**

Defendant Union Pacific Railroad Company ("Union Pacific") removes Cause No. 2021-30439 from the 270th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1441.

**I.   Overview**

1.   The Plaintiffs[1] sued Union Pacific in Texas state court making allegations that constitute a claim for violating the federal Resource Conservation and Recovery Act ("RCRA").[2] Because Plaintiffs are suing Union Pacific for alleged "violation[s] of any permit, standard,

---

[1] The "Plaintiffs" are Plaintiffs Donald Bratton and Donald Mallard, Individually and as Representative of the Estate of Jervie Mallard, Sr., Deceased.

[2] 42 U.S.C. § 6901 *et seq.*; Plaintiffs' Original Petition at ¶ 18, attached as Ex. 2; Ex. A to Plaintiffs' Original Petition (Bedient Declaration) at ¶ 6, attached as Ex. 3; Ex. 3 at ¶ 7.

regulation, condition, requirement, prohibition, or order which has become effective pursuant to" RCRA, their claims fall within the provisions of RCRA's citizen-suit provisions.[3]

2.  Under 42 U.S.C. § 6972, federal courts have exclusive jurisdiction over RCRA citizen suits.[4] This Court, therefore, has federal-question and exclusive jurisdiction over this case under 28 U.S.C. § 1331 and 42 U.S.C. § 6972, and this case is removable to federal court.

3.  Additionally, because this case involves a substantial federal question embedded in a state-law cause of action, this Court has jurisdiction over this case under 28 U.S.C. § 1331, an independent reason for removal to federal court.[5]

## II. State Court Action

4.  The above-styled cause was initially brought in the 270th Judicial District Court of Harris County, Texas. The state court action is styled *Donald Bratton and Donald Mallard, Individually and as Representative of the Estate of Jervie Mallard, Sr., Deceased v. Union Pacific Railroad Company; Pastor, Behling & Wheeler, LLC; and Environmental Resources Management Southwest, Inc.*; Cause No. 2021-30439.[6]

---

[3] 42 U.S.C. § 6972(a)(1)(A). As explained below, Plaintiffs' claims also fall under RCRA's citizen-suit provision because Plaintiffs have sued a past or present owner of a treatment, storage, or disposal facility alleging "an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B).

[4] 42 U.S.C. § 6972 ("Any action under paragraph (a)(1) of this subsection shall be brought in the district court for the district in which the alleged violation occurred or the alleged endangerment may occur."); *see also Litgo New Jersey Inc. v. Comm'r New Jersey Dep't of Envtl. Prot.*, 725 F.3d 369, 394 (3d Cir. 2013) ("The overwhelming majority of courts that have addressed this issue have read this provision to confer exclusive jurisdiction on federal courts, based on the statute's instruction that RCRA claims '*shall* be brought' in a 'district court.'"); *K-7 Enterprises, L.P. v. Jester*, 562 F. Supp. 2d 819, 827 (E.D. Tex. 2007) ("federal district courts have exclusive jurisdiction over RCRA citizen suits").

[5] *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570 (2016).

[6] *See* Ex. 2.

### III. Parties

5. The Plaintiffs are Donald Bratton and Donald Mallard, Individually and as Representative of the Estate of Jervie Mallard, Sr., Deceased.

6. The Defendants are Union Pacific Railroad Company; Pastor, Behling & Wheeler, LLC; and Environmental Resources Management Southwest, Inc.

### IV. Jurisdiction

7. This Court has jurisdiction over the pending action under 28 U.S.C. § 1331, 42 U.S.C. § 6972, and 28 U.S.C. § 1367.

8. In their Petition, the Plaintiffs allege personal injury damages and in their Prayer they request ". . . for such other and further relief, both in law and in equity, to which Plaintiffs and Decedent may show themselves justly entitled." All of the Plaintiff's claims involve an alleged groundwater plume near a former Southern Pacific facility located at 4910 Liberty Road, Houston, Texas 77026, which is now owned by Union Pacific (the "Site").[7] Plaintiffs have brought causes of action against Union Pacific and the other Defendants for negligence, also alleging respondeat superior, and seeking personal-injury, wrongful-death, survival, and exemplary damages.[8] In addition, the Plaintiffs make allegations and claims that constitute violations of RCRA as set forth in more detail below and seek relief, both in law and in equity.

9. Union Pacific has permits under RCRA regarding the Site.[9]

---

[7] Ex. 2 at ¶¶ 18-28.
[8] Ex. 2 at ¶¶ 20-26.
[9] Union Pacific First Amended Answer, attached as Ex. 12.

10. In their petition, as well as the attached Declaration of Phillip Bedient, the Plaintiffs allege that Union Pacific and the other Defendants failed to properly remediate alleged creosote contamination.[10] They also allege that the Defendants' failure to act creates a cancer risk.[11] The Bedient Declaration alleges that the Defendants have violated RCRA.[12]

**A.    RCRA Citizen Suit**

11. This Court has jurisdiction over this case because the Plaintiffs alleged a RCRA citizen suit.

12. Under RCRA's citizen-suit provisions:

- Any person may sue another person for alleged "violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to" RCRA;[13] and

- Any person may sue a past or present owner of a treatment, storage, or disposal facility regarding "an imminent and substantial endangerment to health or the environment."[14]

13. The Plaintiffs' petition meets the requirements of a RCRA citizen suit under both provisions because the Plaintiffs are (1) suing Union Pacific and the other Defendants for violating

---

[10] Ex. 2 at ¶¶ 10-13; Ex. 3 at ¶¶ 6-7.

[11] Ex. 2 at ¶ 18.

[12] 42 U.S.C. § 6901 *et seq*.; Ex. A to Plaintiffs' Original Petition (Bedient Declaration) at ¶ 6, attached as Ex. 3 ("The development and refinement of a reasonably reliable CSM is a key step in the regulatory process, through either the federal Resource Conservation and Recovery Act (RCRA) or the state's Texas Risk Reduction (TRR) program…. In the work of ERM and PBW, their CSM is static and does not appear to have changed to any degree since the mid-1990's, even though additional data was collected showing their CSM was not accurately representing the key hydrogeologic features of the site and exposure routes to the surrounding areas."); Ex. 3 at ¶ 7 ("In the RCRA and TRR process, identification of additional areas of investigation should occur as the site process progresses and new information becomes available, particularly on complex sites like this one.… However, here we do not see any changes in the site process when the SWMUs and AOCs were identified by ERM and PBW for the site.").

[13] 42 U.S.C. § 6972(a)(1)(A).

[14] 42 U.S.C. § 6972(a)(1)(B).

RCRA, and (2) suing Union Pacific, which is the property owner, for allegedly creating a cancer risk.[15]

14.     Congress has authorized states to administer the federal RCRA permits with the approval of the federal Environmental Protection Agency ("EPA").[16]  Since 1984, the EPA has authorized the State of Texas to administer federal RCRA permits in the state.[17]  Union Pacific has federal RCRA permits for the Site issued by the Texas Commission on Environmental Quality.[18]

15.     In his declaration attached as an exhibit to the Plaintiffs' state-court petition, Phillip Bedient states that preparation of a "Conceptual Site Model" ("CSM") "is a key step" in the RCRA regulatory process.[19]  Bedient states that the companies that Union Pacific retained to provide engineering services regarding the Site did not create a proper CSM.[20]  Bedient contends that the alleged failure to create a proper CSM resulted in an improper cleanup process under RCRA.[21] Bedient and the Plaintiffs, therefore, allege that Union Pacific and the other Defendants violated RCRA permits, standards, regulations, conditions, and requirements regarding the Site.[22]  The Plaintiffs' petition, therefore, qualifies as a RCRA citizen suit.[23]

16.     In addition, the Plaintiffs are asserting a claim against Defendants for the following:

---

[15] Ex. 2 at ¶¶ 10-13, 18; Ex. 3 at ¶¶ 6-7.

[16] 42 U.S.C. § 6926(b).

[17] 40 C.F.R. § 727.2201(a).

[18] Ex. 12.

[19] Ex. 3 at ¶ 6.

[20] Ex. 3 at ¶¶ 6, 9.

[21] Ex. 3 at ¶ 7.

[22] 42 U.S.C. § 6972(a)(1)(A); Ex. 2; Ex. 3.

[23] 42 U.S.C. § 6972(a)(1).

"Causing, allowing, and permitting the collection, handling, storage, processing, and disposal of industrial solid waste [and hazardous waste] in such a manner, so as to cause: 1) The creation and maintenance of a nuisance; or 2) The endangerment of the public health and welfare."[24] These allegations also assert claims against the Defendants under RCRA. Plaintiffs are suing Defendants for the past or present handling, storage, treatment or disposal of any solid or hazardous waste that presents an imminent and substantial endangerment to health or the environment.[25] Union Pacific reserves the right to assert any and all defenses that it has to the Plaintiffs' RCRA claims.

17. The Plaintiffs' petition qualifies as a RCRA citizen suit even though they couch the suit as a personal-injury suit because they allege violations of RCRA. Federal courts look to the substance of a plaintiff's claims and not the title that a plaintiff uses when determining the claims that a plaintiff is actually alleging.[26] Because the Plaintiffs' allegations fall within the provisions of a RCRA citizen suit and they have specifically alleged violations of the RCRA federal statute, they are considered to be bringing a RCRA citizen suit.

18. Under 42 U.S.C. § 6972, federal courts have exclusive jurisdiction over RCRA citizen suits.[27] This Court, therefore, has federal-question and exclusive jurisdiction over this case

---

[24] Ex. 2 at ¶¶ 20(o)-(p).

[25] 42 U.S.C. § 6972(a)(1)(B).

[26] *Cahill v. New York, N. H. & H. R. Co.*, 351 U.S. 183, 188 (1956) ("The substance of the pleadings and not their labels should govern our action."); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (in construing pleadings, federal courts look to the "substance, not a label"); *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (The Fifth Circuit has "instructed district courts to determine the true nature of a pleading by its substance, not its label."); *United States v. Gomez-Rosales*, CR 2:09-1046-5, 2016 WL 4246994, at *2 (S.D. Tex. Aug. 10, 2016) ("Because the essence of the pleading controls, the title may be ignored."); *In re Dexterity Surgical, Inc.*, 365 B.R. 690, 701 (Bankr. S.D. Tex. 2007) ("This Court has repeatedly recognized that the Fifth Circuit instructs courts to the look to substance of pleadings rather than the labels stated in pleadings in determining what relief the movant seeks.").

[27] 42 U.S.C. § 6972 ("Any action under paragraph (a)(1) of this subsection shall be brought in the district court for the district in which the alleged violation occurred or the alleged endangerment may occur."); *see also Litgo New Jersey*

under 28 U.S.C. § 1331 and 42 U.S.C. § 6972. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiffs' state-law claims.

**B.     Substantial Federal Question Embedded in State-Law Cause of Action**

19.     This Court also has jurisdiction over this case because it involves a substantial federal question embedded in a state-law cause of action.[28] The United States Supreme Court has held that in addition to cases where federal law creates a cause of action, there is also federal-question jurisdiction over "a state-law claim if it necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power." [29]

20.     The Supreme Court has held that there is substantial-federal-issue jurisdiction over a state-law claim when the federal issue is:

1. Necessarily raised;

2. Actually disputed;

3. Substantial; and

4. Capable of resolution in federal court without disrupting the federal-state balance approved by Congress.[30]

---

*Inc. v. Comm'r New Jersey Dep't of Envtl. Prot.*, 725 F.3d 369, 394 (3d Cir. 2013) ("The overwhelming majority of courts that have addressed this issue have read this provision to confer exclusive jurisdiction on federal courts, based on the statute's instruction that RCRA claims '*shall* be brought' in a 'district court.'"); *K-7 Enterprises, L.P. v. Jester*, 562 F. Supp. 2d 819, 827 (E.D. Tex. 2007) ("federal district courts have exclusive jurisdiction over RCRA citizen suits").

[28] *Merrill Lynch*, 136 S. Ct. at 1570; *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013)

[29] *Merrill Lynch*, 136 S. Ct. at 1570 (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (cleaned up).

[30] *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons*, 545 U.S. at 314.

21.     That standard is met here because what the Plaintiffs call state-law negligence claims allege violations of RCRA, which Union Pacific and the other Defendants deny.[31] It is a substantial part of the Plaintiffs' claims against the Defendants. Congress gave federal courts exclusive jurisdiction over suits regarding alleged RCRA violations, so it has indicated that this is an area where the federal-state balance weighs heavily in favor of federal involvement.[32] Few personal-injury lawsuits raise RCRA violations to support their negligence claims, so federal courts resolving the RCRA issues here will not disrupt the federal-state balance approved by Congress.[33]

22.     This Court, therefore, has federal-question jurisdiction over this case under 28 U.S.C. § 1331 because the Plaintiffs' claims of RCRA violations create a substantial federal question embedded in a state-law cause of action. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiffs' state-law claims.

### V.     Timeliness of Removal

23.     Union Pacific was served with process and the Plaintiffs' petition on June 7, 2021.[34] Defendant Pastor, Behling & Wheeler, LLC was served with process and the Plaintiffs' petition on June 7, 2021.[35] Defendant Environmental Resources Management Southwest, Inc. was served

---

[31] Ex. 2 at ¶¶ 10-13; Ex. 3 at ¶¶ 6-9; Union Pacific's Original Answer, attached as Ex. 11; Ex. 12; Defendant Pastor, Behling & Wheeler, LLC's Original Answer, attached as Ex. 13; Defendant Environmental Resources Management Southwest, Inc.'s Original Answer, attached as Ex. 14.

[32] 42 U.S.C. § 6972.

[33] *See Grable & Sons*, 545 U.S. at 319.

[34] Service of Process on Union Pacific, attached as Ex. 4.

[35] Service of Process on Defendant Pastor, Behling & Wheeler, LLC, attached as Ex. 5; Affidavit of Service on Defendant Pastor, Behling & Wheeler, LLC, attached as Ex. 6.

with process and the Plaintiffs' petition on June 3, 2021.[36] Over thirty days have not elapsed since Union Pacific—or any Defendant—was served with process. Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely and proper.

## VI. Conditions Precedent

24. Union Pacific has tendered the filing fee of $400 to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with the original Notice of Removal.

25. All Defendants have joined in this Notice of Removal.[37]

26. A copy of this Notice of Removal is being filed in the 270th District Court of Harris County, Texas, and counsel for Plaintiffs are being provided with a copy of this Notice of Removal.

27. By filing this Notice of Removal, Union Pacific does not waive any defenses, affirmative claims, counterclaims, or third-party claims that may be available, including the Plaintiffs' claims that Union Pacific is liable to it under 42 U.S.C. § 6972, has violated any provision of RCRA, or is posing, or has posed, an imminent or substantial endangerment to health or the environment.

## VII. Exhibits Being Filed With This Court

28. Accompanying this Notice of Removal are the following Exhibits, which are being filed contemporaneously in this Court:

Exhibit 1: Index of Matters Being Filed

---

[36] Service of Process on Defendant Environmental Resources Management Southwest, Inc., attached as Ex. 7; Affidavit of Service on Defendant Environmental Resources Management Southwest, Inc., attached as Ex. 8.

[37] Defendant Pastor, Behling & Wheeler, LLC's Consent to Removal, attached as Ex. 9; Defendant Environmental Resources Management Southwest, Inc.'s Consent to Removal, attached as Ex. 10.

| | |
|---|---|
| Exhibit 2: | Plaintiffs' Original Petition |
| Exhibit 3: | Ex. A to Plaintiffs' Original Petition – Bedient Declaration |
| Exhibit 4: | Service of Process on Union Pacific |
| Exhibit 5: | Service of Process on Defendant Pastor, Behling & Wheeler, LLC |
| Exhibit 6: | Affidavit of Service on Defendant Pastor, Behling & Wheeler, LLC |
| Exhibit 7: | Service of Process on Defendant Environmental Resources Management Southwest, Inc. |
| Exhibit 8: | Affidavit of Service on Defendant Environmental Resources Management Southwest, Inc. |
| Exhibit 9: | Defendant Pastor, Behling & Wheeler, LLC's Consent to Removal |
| Exhibit 10: | Defendant Environmental Resources Management Southwest, Inc.'s Consent to Removal |
| Exhibit 11: | Union Pacific Original Answer |
| Exhibit 12: | Union Pacific First Amended Answer, with Exhibits |
| Exhibit 13 | Defendant Pastor, Behling & Wheeler, LLC's Original Answer |
| Exhibit 14: | Defendant Environmental Resources Management Southwest, Inc.'s Original Answer |
| Exhibit 15: | State Court Docket Sheet |
| Exhibit 16: | List of All Counsel of Record |

## VIII.  Conclusion

29. Because the Plaintiffs have alleged claims over which federal courts have federal-question jurisdiction, exclusive jurisdiction, and supplemental jurisdiction, Union Pacific removes

the above-captioned case from the 270th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

                                                  Respectfully submitted,

                                                  */s/ Earnest W. Wotring*
                                                  Attorney-in-Charge
Earnest W. Wotring
Texas Bar No. 22012400
Southern District No. 15284
John Muir
Texas Bar No. 134630477
Southern District No. 9404
David George
Texas Bar No. 00793212
Southern District No. 19330
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis St.
Houston, Texas  77002
Tel: (713) 980-1700
Fax:(713) 980-1701
ewotring@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

*Attorneys for Defendant*
*Union Pacific Railroad Company*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on the following through e-filing and/or email on July 2, 2021.

> Wayne D. Collins
> Afton J. Parker
> W.D. COLLINS LAW FIRM PLLC
> 5535 Memorial Drive, Suite F, Box 1102
> Houston, Texas 77007
> wayne@wdcollins.com
> afton@wdcollins.com
>
> Mike Stenglein
> Edward F. Fernandes
> KING & SPALDING LLP
> 500 W. 2nd Street
> Austin, Texas 78701
> mstenglein@kslaw.com
> efernandes@kslaw.com
>
> Elizabeth Robertson Taber
> Mitchell B. Bryant
> KING & SPALDING LLP
> 1100 Louisiana, Suite 4100
> Houston, Texas 77002
> etaber@kslaw.com
> mbbryant@kslaw.com
>
> Don Jackson
> Texas Bar No. 10476000
> donjackson@warejackson.com
> Kiara C. Gradney
> Texas Bar No. 24097754
> kiaragradney@warejackson.com
> WARE, JACKSON, LEE, O'NEILL, SMITH & BARROW, LLP
> 2929 Allen Parkway, 39th Floor
> Houston, Texas 77019

*/s/ Earnest W. Wotring*
Earnest W. Wotring
