**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Donald Bratton, *et al.*, <br> Plaintiffs, | § <br> § <br> § <br> § | CIVIL ACTION NO. <br> 4:21-cv-02165 |
| vs. | § <br> § <br> § | JUDGE CHARLES ESKRIDGE |
| Union Pacific Railroad Co., *et al.*, <br> Defendants. | § <br> § <br> § <br> § | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

   Response:
   a. The parties held their Rule 26(f) meeting on August 5, 2021 at 1:30 p.m. and on August 10, 2021 at 10:00 a.m.
   b. Plaintiffs were represented by Wayne D. Collins.
   c. Defendant Union Pacific was represented by Earnest W. Wotring.
   d. Defendant ERM was represented by Erich J. Almonte.
   e. Defendant Pastor, Behling & Wheeler, LLC ("PBW") was represented by David A. Dial.

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

   Response: There are several cases filed that are currently pending in Harris County District Court in which other plaintiffs in those cases are claiming that they have been exposed to various chemicals from the Houston Wood Preserving Site that are at issue in this case. The Plaintiffs contend the matters are related in that these residents have allegedly been exposed to the same toxic substances and have similar illnesses. There are no related matters in federal court.

   a. *Anna Dorsey, et al. v. Union Pacific Railroad Co., et al.*, No. 2020-07396, in the 281st District Court of Harris County, Texas, *on appeal to the* Fourteenth Court of Appeals in Houston, No. 14-20-00308-CV;

b. *Betty Chenier, et al. v. Union Pacific Railroad Co., et al.*, No. 2020-10063, in the 152nd District Court of Harris County, Texas, *on appeal to the* First Court of Appeals in Houston, No. 01-21-00073-CV;

c. *Elizabeth Phillips, et al. v. Union Pacific Railroad Co., et al.*, No. 2020-50604, in the 189th District Court of Harris County, Texas, *on appeal to the* Fourteenth Court of Appeals in Houston, No. 14-21-00112-CV;

d. *Ruth Adams-Taylor, et al. v. Union Pacific Railroad Co., et al.*, No. 2020-83850, in the 269th District Court of Harris County, Texas, *on appeal to the* Fifth Court of Appeals in Dallas, No. 05-21-0281-CV;

e. *Victor Brown, et al. v. Union Pacific Railroad Co., et al.*, No. 2020-83852, in the 295th District Court of Harris County, Texas, *on appeal to the* Fourteenth Court of Appeals in Houston, No. 14-21-00275-CV;

f. *Dorothy Ceasar, et al. v. Union Pacific Railroad Co., et al.*, No. 2020-82642, in the 129th District Court of Harris County, Texas, *on appeal to the* First Court of Appeals in Houston, No. 01-21-00274-CV;

g. *Aldine Harrell, et al. v. Union Pacific Railroad Co., et al.*, No. 2021-03264, in the 189th District Court of Harris County, Texas, *on appeal to the* First Court of Appeals in Houston, No. 01-21-00348-CV;

h. *Edgar Harrison, et al. v. Union Pacific Railroad Co., et al.*, No. 2021-22019, in the 215th District Court of Harris County, Texas, *on appeal to the* Fourteenth Court of Appeals in Houston, No. 14-21-00435-CV;

i. *Lawrence Martin, et al. v. Union Pacific Railroad Co., et al.*, No. 2020-83855, in the 151st District Court of Harris County, Texas;

j. *Stella Taylor, et al. v. Union Pacific Railroad Co., et al.*, No. 2020-82707, in the 157th District Court of Harris County, Texas;

k. *Alvin Harris, et al. v. Union Pacific Railroad Co., et al.*, Case No. 2021-45196, in the 334th District Court of Harris County, Texas;

l. *Andrea Alexander, et al. v. Union Pacific Railroad Co., et al.*, Case No. 2021-44936, in the 152nd District Court of Harris County, Texas; and

m. *Michelle Wilson, et al. v. Union Pacific Railroad Co., et al.*, No. 2021-45255, in the 333rd District Court of Harris County, Texas.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

   Response:

   Plaintiffs make Texas common law negligence claims for personal injury and wrongful death damages due to exposure to toxic and cancer-causing chemicals from a Site that owned by Union Pacific. The solid waste management for the site has been conducted by Union Pacific, ERM, and PBW under the laws of the State of Texas and administered by the Texas Commission on Environmental Equality. Plaintiffs make no property claims or any claims invoking federal subject matter jurisdiction.

   Defendants generally deny Plaintiffs' allegations. ERM and PBW deny that they have ever operated the Site. Union Pacific contends that one of Plaintiffs' allegations is that Union Pacific violated the federal RCRA law in making representations and obtaining permits from the Texas Commission on Environmental Quality to address contamination from the Site. Union Pacific denied that it violated RCRA and deny that Plaintiffs have suffered any injury or property damage from the Site or as a result of any act or omission of Defendants. Additionally, Defendants deny that they breached any duty owed to Plaintiffs and deny that they made any misrepresentation to Plaintiffs. Additionally, ERM denies that it breached any duty owed to Plaintiffs and denies that ERM made any misrepresentation to Plaintiffs.

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

   Plaintiffs' Response: Plaintiffs assert a Texas common law negligence action for wrongful death and personal injury damages. No federal diversity or subject matter jurisdiction exists.

   Defendants' Response: Union Pacific removed this case to federal court based on federal-question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 6972, as well as supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367. Federal-question jurisdiction is based on RCRA exclusive jurisdiction under 42 U.S.C. § 6972 and a substantial federal question embedded in a state-law cause of action. Plaintiffs disagree that federal question jurisdiction exists and have advised that they intend to file a motion to remand.

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

   Response: Plaintiffs will amend its petition to include approximately 90 new plaintiffs.

6. **List any anticipated interventions. Briefly explain why.**

Response: None.

7. **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

   Response: There are no class-action or collective action issues in this matter.

8. **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

   Response: The parties have not completed their Rule 26(a) initial disclosures. They will do so within 30 days of the Initial Pretrial Conference scheduled on August 26, 2021.

9. **Apart from initial disclosures, specify other discovery served or accomplished to date.**

   Response: The parties have not served other discovery.

10. **Describe the proposed agreed discovery plan. At a minimum, include:**

    a. **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**

       Plaintiffs' Response: The parties are not requesting a change in the form of requirement for disclosures under Rule 26(a). They request that the Court permit them to provide their initial disclosures within 30 days of the Initial Pretrial Conference. Plaintiff anticipates taking discovery on (i) exposure to any chemicals from the Site, (ii) the timing, extent, and duration of any such exposures, (iii) Plaintiffs claim that exposure from the Site proximately caused any injuries, (iv) the alleged acts or omissions Plaintiffs claim create liability for Defendants, (v) inspection of physical property, drilling of monitoring wells, and establishment of air monitoring stations, and (vi) nature and extent of the contamination and the timing of when the parties knew and how this was reported to the environmental regulatory agencies, the citizens of Fifth Ward, and/or the Securities and Exchange Commission, internal and outside financial auditors and other regulatory agencies.

       Defendants' Response: Defendants anticipate taking discovery on the alleged factual bases for Plaintiffs' claims, including (i) alleged exposure to any chemicals from the Site, (ii) the timing, extent, and duration of any such exposures, (iii) Plaintiffs claim that exposure from the Site proximately caused any injuries, and (iv) the alleged acts or omissions Plaintiffs claim create liability for Defendants. Defendants will be seeking releases from Plaintiffs to obtain complete copies of Plaintiffs' medical

4

records. The parties will negotiate on a Protective Order and any additional order required for electronically stored information.

Defendants request the entry of a *Lone Pine* Order that will require Plaintiffs to answer standard interrogatories and requests for production regarding their claimed exposure, personal injury, and proximate cause. See *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000); *Lore v. Lone Pine Corp.*, 1986 WL 637507, No. L–33606–85 (N.J. Super. Ct. 1986). Plaintiffs oppose entry of a *Lone Pine* Order. The parties have a disagreement over whether the Court's July 15, 2021 Scheduling Order should be revised and extended given that 90 plaintiffs will be added to this matter. Defendants have filed their proposed Lone Pine Order as Exhibit A.

b. **When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Response: All Defendants in the matter within thirty days after the Scheduling Conference.

c. **When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Response: Defendants anticipate sending interrogatories to Plaintiffs within 30 days after the Scheduling Conference.

d. **Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Response: Plaintiff anticipates taking the depositions of Defendant corporate representatives, employees, agents, officers, directors, and/or agents, and experts, all person designated with knowledge of relevant facts, inside and outside auditors. Because of the number of anticipated parties, the presumptive limit of ten depositions of Rule 30(a)(2)(A) should not apply to this matter.

e. **Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Response: Defendants anticipate taking depositions of Plaintiffs, Plaintiffs' healthcare providers, Plaintiffs' expert witnesses, and other persons that Plaintiffs designate as having knowledge of relevant facts. Because of the number of anticipated parties, the

presumptive limit of ten depositions of Rule 30(a)(2)(A) should not apply to this matter.

**f. When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

Plaintiffs' Response: Plaintiffs can designate experts and provide Rule 26(a)(2)(B) reports by April 26, 2022. Plaintiffs request that the Defendants designate experts and provide Rule 26(a)(2)(B) reports within 45 days after the Plaintiffs designations.

Defendants' Response: Defendants will need to review Plaintiffs' anticipated amended pleading adding the additional plaintiffs prior to determining when they can designate expert witnesses, but anticipate requiring at least 60 days after Plaintiffs' reports before designating Defendants' experts and producing Defendants' expert reports.

**g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Response: Plaintiffs anticipate deposing the expert(s) that Plaintiffs designate on liability and damage issues.

**h. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

Response: Defendants anticipate deposing the expert(s) that Plaintiffs designate on liability and damage issues.

**11. State the date by which the parties can reasonably complete the planned discovery.**

Response: Defendants need to review Plaintiffs' anticipated pleading adding additional parties before determining when the parties can reasonably complete the planned discovery.

**12. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

Response: The parties disagree on whether a *Lone Pine* Order should be entered and disagree on whether the addition of 90 plaintiffs will require the Court to issue a new Scheduling Order.

13. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

    Response: After being given an opportunity to obtain discovery regarding Plaintiffs' specific claims and the bases for them, Defendants are willing to discuss mediation.

14. **Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.**

    Response: After being given an opportunity to obtain discovery regarding Plaintiffs' specific claims and the bases for them, Defendants are willing to discuss mediation.

15. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

    Response: Defendants will not consent to have this matter heard by a Magistrate Judge.

16. **Identify any party that has made a jury demand and whether it was timely.**

    Response: Plaintiffs filed a jury demand with their original complaint in the state court, and Defendants agree that it was filed timely.

17. **Specify the number of hours it will likely take to present the evidence at trial in this case.**

    Response: Defendants will need to review Plaintiffs' anticipated amended pleading adding additional parties before determining the length of the trial. The parties have agreed to negotiate regarding the process for selecting one or more Plaintiffs for trial.

18. **List pending motions the Court could resolve at the initial pretrial conference.**

    Response: Plaintiffs anticipate filing a motion to remand.

19. **List other pending motions.**

    Response: None.

20. **List all other matters that deserve attention of the Court at the initial pretrial conference.**

Response: Plaintiffs will be filing a motion to remand. Defendants' position is that the Court should consider entry of the *Lone Pine* order. Further, Defendants' position is that the Court should consider the need to amend the scheduling order if Plaintiffs add additional plaintiffs, as they state they intend to do.

21. **Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

    Response: The parties have a disagreement over whether the Court should issue a new Scheduling Order in light of the addition of over 90 plaintiffs to this matter in the near future.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Response: The parties have filed the required Disclosure of Interested Persons.

23. **If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.**

    Response: Defendant PBW is a Texas LLC. Its sole member is a citizen of the State of Georgia. *See* attached declaration

24. **List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

    Response:

    a. **Counsel for Plaintiffs:**
       Wayne D. Collins
       Afton J. Parker
       W.D. COLLINS LAW FIRM PLLC
       5535 Memorial Drive, Suite F, Box 1102
       Houston, Texas 77007
       wayne@wdcollins.co
       afton@wdcollins.co
       281-712-1197

    b. **Counsel for Defendant Union Pacific Railroad Company:**
       Earnest W. Wotring

Attorney-in-Charge
Texas Bar No. 22012400
Southern District No. 15284
Debra Tsuchiyama Baker
Texas Bar No. 15089600
Southern District No. 6943
John Muir
Texas Bar No. 134630477
Southern District No. 9404
David George
Texas Bar No. 00793212
Southern District No. 19330
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis St.
Houston, Texas 77002
713-980-1700
ewotring@bakerwotring.com
dbaker@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

Elena A. Knezek
KNEZEK LAW
Louisiana Bar No. 26787
Admitted Pro Hac Vice
95 Wood Crossing, Suite 100
Lafayette, Louisiana 70508
337-266-2233
elena@knezeklaw.com

c. **Counsel for Defendant Environmental Resources Management Southwest, Inc.:**
Mike Stenglein
Attorney-in-Charge
Texas Bar No. 00791729
Edward F. Fernandes
Texas Bar No. 06932700
KING & SPALDING LLP
500 W. 2nd Street
Austin, Texas 78701
mstenglein@kslaw.com
efernandes@kslaw.com
512-457-2100

9

      Elizabeth Robertson Taber
      Texas Bar No. 24060502
      Erich J. Almonte
      Texas Bar No. 24100116
      Mitchell B. Bryant
      Texas Bar No. 24103534
      KING & SPALDING LLP
      1100 Louisiana, Suite 4100
      Houston, Texas 77002
      etaber@kslaw.com
      mbbryant@kslaw.com
      713-751-3290

d. **Counsel for Defendant Pastor, Behling & Wheeler, LLC:**
    Don Jackson
    Texas Bar No. 10476000
    donjackson@warejackson.com
    Kiara C. Gradney
    Texas Bar No. 24097754
    kiaragradney@warejackson.com
    WARE, JACKSON, LEE, O'NEILL, SMITH & BARROW, LLP
    2929 Allen Parkway, 39th Floor
    Houston, Texas 77019
    713-659-6400

    David A. Dial
    Georgia Bar No. 220329
    Admitted pro hac vice
    ddial@wwhgd.com
    William J. Sheppard
    Georgia Bar No. 641980
    Southern District Bar No. 3443319
    wsheppard@wwhgd.com
    Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
    3344 Peachtree Road, Suite 2400
    Atlanta, Georgia 30326
    (404) 876-2700

                         Respectfully submitted,

August 16, 2021       */s/ Wayne D. Collins*
Date      Wayne D. Collins
     Afton J. Parker
     W.D. COLLINS LAW FIRM PLLC
     5535 Memorial Drive, Suite F, Box 1102
     Houston, Texas 77007
     wayne@wdcollins.co
     afton@wdcollins.co
     281-712-1197
     *Attorney for Plaintiffs*

August 12, 2021      */s/ Earnest W. Wotring*
Date      Earnest W. Wotring
     Attorney-in-Charge
     Texas Bar No. 22012400
     Southern District No. 15284
     BAKER • WOTRING LLP
     700 JPMorgan Chase Tower
     600 Travis St.
     Houston, Texas 77002
     Tel: (713) 980-1700
     Fax:(713) 980-1701
     ewotring@bakerwotring.com
     *Attorney for Defendant*
     *Union Pacific Railroad Company*

August 12, 2021      */s/ Don Jackson*
Date      Don Jackson
     Attorney-in-charge
     Texas Bar No. 10476000
     WARE, JACKSON, LEE,
     O'NEILL, SMITH &
     BARROW, LLP
     2929 Allen Parkway, 39th Floor
     Houston, Texas 77019
     713-659-6400
     donjackson@warejackson.com
     *Attorney for Defendant*
     *Pastor, Behling & Wheeler*

| | |
|---|---|
| <u>August 12, 2021</u><br>Date | <u>*/s/ Mike Stenglein*</u><br>Mike Stenglein<br>Texas Bar No. 00791729<br>Edward F. Fernandes<br>Texas Bar No. 06932700<br>KING & SPALDING LLP<br>500 W. 2nd Street<br>Austin, Texas 78701<br>mstenglein@kslaw.com<br>efernandes@kslaw.com<br>512-457-2100<br>Attorney for Defendant Environmental Resources  Management Southwest, Inc . |

## CERTIFICATE OF SERVICE

I certify that on August 17, 2021, I served the above document on all counsel of record through the Court's ECF system.

<u>*/s/ David George*</u>
David George