# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **DONALD BRATTON AND DONALD MALLARD, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JERVIE MALLARD, SR., DECEASED,** | § § § § § | |
| **Plaintiffs** | § § | |
| **vs.** | § § | **CIVIL ACTION NO: 4:21-cv-02165** |
| **UNION PACIFIC RAILROAD COMPANY; PASTOR, BEHLING & WHEELER, LLC; AND ENVIRONMENTAL RESOURCES MANAGEMENT SOUTHWEST, INC.,** | § § § § § § | JUDGE CHARLES ESKRIDGE |
| **Defendants** | § | |

## DEFENDANT UNION PACIFIC RAILROAD COMPANY'S
### RESPONSE TO PLAINTIFFS' AMENDED MOTION TO REMAND

Elena A. Knezek
KNEZEK LAW
Louisiana Bar No. 26787
*Admitted Pro Hac Vice*
95 Wood Crossing, Suite 100
Lafayette, Louisiana 70508
Telephone: (337) 266-2233
elena@knezeklaw.com

Earnest W. Wotring
Attorney-in-Charge
Texas Bar No. 22012400
Southern District No. 15284
Debra Tsuchiyama Baker
Texas Bar No. 15089600
Southern District No. 6943
John Muir
Texas Bar No. 134630477
Southern District No. 9404
David George
Texas Bar No. 00793212
Southern District No. 19330
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis St.
Houston, Texas  77002
Tel: (713) 980-1700
Fax:(713) 980-1701
ewotring@bakerwotring.com
dbaker@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

*Attorneys for Defendant Union Pacific Railroad Company*

TABLE OF CONTENTS

I.     Nature and Stage of the Proceeding ...................................................... 1

II.    Statement of Facts ................................................................................. 2

III.   Issue ...................................................................................................... 4

IV.    Standard of Review ............................................................................... 4

V.     Argument ............................................................................................... 4

       A.    Union Pacific properly removed on the basis of RCRA and a substantial
             federal question, not on the basis of complete preemption. .............. 4

       B.    This Court has subject-matter jurisdiction over Plaintiffs' claims. ........... 6

             1.     Plaintiffs alleged a RCRA citizen suit, so this Court has
                    federal-question jurisdiction. ..................................................... 6

                    a.    Union Pacific's permit at issue is a federal RCRA permit. ............. 9

                    b.    Plaintiffs' failure to comply with RCRA's citizen-suit notice
                          requirement does not deprive this Court of jurisdiction. ................ 11

             2.     This Court also has federal-question jurisdiction because a
                    substantial  federal question is embedded in a state-law cause
                    of action. ............................................................................... 11

             3.     This Court has supplemental jurisdiction over Plaintiffs' state-law
                    claims. .................................................................................... 13

VI.    Conclusion ............................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ........................................................ 5

*Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933 (5th Cir. 2005) .............................. 8

*Cahill v. New York, N. H. & H. R. Co.*, 351 U.S. 183 (1956) ........................................ 8

*Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996) (en banc) ............................... 8

*Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ............. 12, 13

*Gunn v. Minton*, 568 U.S. 251 (2013) ............................................................... 11, 12

*In re Dexterity Surgical, Inc.*, 365 B.R. 690 (Bankr. S.D. Tex. 2007) ........................... 8

*K-7 Enterprises, L.P. v. Jester*, 562 F. Supp. 2d 819 (E.D. Tex. 2007) ......................... 9

*Litgo New Jersey Inc. v. Comm'r New Jersey Dep't of Envtl. Prot.*,
   725 F.3d 369 (3d Cir. 2013) ................................................................... 9

*Lockett v. E.P.A.*, 319 F.3d 678 (5th Cir. 2003) ............................................... 11

*Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525 (5th Cir. 2009) .................... 5

*Melton Properties, LLC. v. Illinois Cent. R.R. Co.*, 4:18-CV-79-DMB-JMV,
   2020 WL 5806890 (N.D. Miss. Sept. 29, 2020) ................................................... 11

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016) ..................... 11

*Mississippi ex rel. Hood v. Meritor, Inc.*, 4:17CV74-SA-JMV,
   2018 WL 1309722 (N.D. Miss. Mar. 13, 2018) .................................................... 5

*Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224 (2007) .............................. 4

*Salvation Army v. Union Pac. R.R., Inc.*, 6:16-CV-0347, 2016 WL 5798987
   (W.D. La. June 23, 2016), report and recommendation adopted, CV 16-0347,
   2016 WL 5798791 (W.D. La. Oct. 4, 2016) ...................................................... 6

*Sierra Club v. Yeutter*, 926 F.2d 429 (5th Cir. 1991) ......................................... 11

*United States v. Gomez-Rosales*, CR 2:09-1046-5, 2016 WL 4246994
   (S.D. Tex. Aug. 10, 2016) ..................................................................... 8

**Statutes**

28 U.S.C. § 1331 ..................................................................... 1, 9, 10, 13, 14

28 U.S.C. § 1367 ..................................................................... 1, 13, 14

28 U.S.C. § 1367(a) .............................................................................................. 13

28 U.S.C. § 1447(d) ................................................................................................ 4

29 U.S.C. § 1001, *et seq* ......................................................................................... 5

29 U.S.C. § 185, *et seq* ............................................................................................ 5

42 U.S.C. § 6901 *et seq* ............................................................................................ 3

42 U.S.C. § 6926 ..................................................................................................... 9

42 U.S.C. § 6972 .................................................................................. 1, 9, 10, 13, 14

42 U.S.C. § 6972(a)(1)(A) ..................................................................................... 6, 7

42 U.S.C. § 6972(a)(1)(B) ..................................................................................... 6, 8

TEX. CIV. PRAC. & REM. CODE § 27.001, *et seq*. ..................................................... 2

**Other Authorities**

40 C.F.R. § 272.2201(a) .......................................................................................... 9

EPA, *What is a Hazardous Waste Permit?*,
    https://www.epa.gov/hwpermitting/what-hazardous-waste-permit ......................... 10

Defendant Union Pacific Railroad Company ("Union Pacific") files this response to Plaintiffs' Amended Motion to Remand.  Doc. 29.  This Court should deny Plaintiffs' motion because this Court has subject-matter jurisdiction and this case was properly removed.  Specifically, this Court has subject-matter jurisdiction as follows:

- Federal-question jurisdiction over Plaintiffs' Resource Conservation and Recovery Act ("RCRA") citizen suit under 28 U.S.C. § 1331 and 42 U.S.C. § 6972;

- Federal-question jurisdiction because there is a substantial federal question embedded in Plaintiffs' state-law cause of action under 28 U.S.C. § 1331; and

- Supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367.

## I.      Nature and Stage of the Proceeding

This is a personal-injury and wrongful-death suit seeking damages for alleged exposure to chemicals.  Doc. 1-2.  Plaintiffs sued Union Pacific and Defendants Pastor, Behling & Wheeler, LLC ("PBW") and Environmental Resource Management Southwest, Inc. ("ERM").  Doc. 1-2.  Plaintiffs also challenge Union Pacific's permit under the Resource Conservation and Recovery Act ("RCRA"); therefore, this matter is a RCRA citizen suit.  Doc. 1 at 4-7; 42 U.S.C. § 6972.  The case was removed to federal court on July 2, 2021, based on federal-question jurisdiction.  Doc. 1.  Plaintiffs filed their original and amended motions to remand on August 18, 2021.  Docs. 28 & 29.  The initial conference will be held on October 7, 2021.  Doc. 30.

1

## II.      Statement of Facts

Plaintiffs sued Union Pacific and the other two Defendants alleging that their cancers were caused by exposure to "creosote and toxic chemicals" from a Union Pacific facility in Houston, Texas (the "Site").[1]  Doc. 1-2 at 4-7.  Plaintiffs allege that they lived near the Site and that they were exposed to these chemicals for over 20 years.  Doc. 1-2 at 3.  Plaintiffs allege that "Union Pacific and its consulting geologists, ERM and PBW, failed to properly test, remediate, and/or warn of the real risks of creosote exposure to the residents of Kashmere Gardens and Fifth Ward."  Doc. 1-2 at 5-6.

In their Petition, Plaintiffs allege personal injury damages and in their Prayer they request "such other and further relief, both in law and in equity, to which Plaintiffs and Decedent may show themselves justly entitled."  Doc. 1-2 at 14.  All of Plaintiffs' claims involve an alleged groundwater plume near a former Southern Pacific facility located at 4910 Liberty Road, Houston, Texas 77026, which is now owned by Union Pacific (the "Site").  Doc. 1-2 at ¶¶ 18-28.  Plaintiffs have brought causes of action against Union

---

[1] Doc. 1-2 at 4-7.  There are currently two Plaintiffs, but Plaintiffs' counsel has indicated he will be adding an additional 90 Plaintiffs.  Doc. 1-2; Doc. 27 at 3.  Plaintiffs' motion to remand contains a factual error regarding a separate case filed against Union Pacific in connection with the Site.  Plaintiffs claim that in the *Dorsey v. Union Pacific* case, Union Pacific lost its appeal of the order denying its motion to dismiss under the Texas Citizens Participation Act and that the case is currently before the Texas Supreme Court.  Doc. 29 at 8; TEX. CIV. PRAC. & REM. CODE § 27.001, *et seq*.  That is incorrect.  Union Pacific's appeal in the *Dorsey* case is still before the Fourteenth Court of Appeals, which has not yet decided the appeal.  *Dorsey v. Union Pacific R.R. Co*., No. 14-20-00308-CV (Tex. App.—Houston     [14th     Dist.]),     https://search.txcourts.gov/Case.aspx?cn=14-20-00308-CV&coa=coa14.

2

Pacific and the other Defendants for negligence.  Plaintiffs are also alleging respondeat superior, and are seeking personal-injury, wrongful-death, survival, and exemplary damages.  Doc. 1-2 at ¶¶ 20-26.

In addition to their Texas state-law negligence claims, Plaintiffs make allegations and claims that Defendants' actions constitute violations of RCRA.  Doc. 1-2 at ¶¶ 10-13; Doc. 1-3 at ¶¶ 6-7.    Union Pacific has permits under RCRA related to the Site that authorize its remediation activities.  Doc. 1-12.  In their petition, as well as the attached Declaration of Phillip Bedient, Plaintiffs allege that Union Pacific and the other Defendants failed to properly remediate alleged creosote contamination.  Doc. 1-2 at ¶¶ 10-13; Doc. 1-3 at ¶¶ 6-7.  Plaintiffs also allege that the Defendants' failure to act creates a cancer risk.  Doc. 1-2 at ¶ 18.  The Bedient Declaration alleges that the Defendants have violated RCRA.[2]

---

[2] 42 U.S.C. § 6901 *et seq.*; Doc. 1-3 at ¶ 6 ("The development and refinement of a reasonably reliable CSM is a key step in the regulatory process, through either the federal Resource Conservation and Recovery Act (RCRA) or the state's Texas Risk Reduction (TRR) program…. In the work of ERM and PBW, their CSM is static and does not appear to have changed to any degree since the mid-1990's, even though additional data was collected showing their CSM was not accurately representing the key hydrogeologic features of the site and exposure routes to the surrounding areas."); Doc. 1-3 at ¶ 7 ("In the RCRA and TRR process, identification of additional areas of investigation should occur as the site process progresses and new information becomes available, particularly on complex sites like this one…. However, here we do not see any changes in the site process when the SWMUs and AOCs were identified by ERM and PBW for the site.").

### III.     Issue

This Court should deny Plaintiffs' motion to remand because this Court has subject-matter jurisdiction over this case and this case was properly removed.

### IV.     Standard of Review

This Court's ruling on Plaintiffs' motion to remand "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise…."); *Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 232 (2007).

### V.     Argument

This Court should deny Plaintiffs' motion to remand because this Court has subject-matter jurisdiction over this case, and this case was properly removed.

### A.     Union Pacific properly removed on the basis of RCRA and a substantial federal question, not on the basis of complete preemption.

Plaintiffs base their remand argument on their mistaken belief that Union Pacific removed this case based on complete preemption.  Doc. 29 at 10-11.  That is incorrect. Union Pacific did not remove based on—and is not alleging—complete preemption. Instead, Union Pacific removed based on the fact that in their petition Plaintiffs alleged the elements of a RCRA citizen suit, as well as Texas state-law negligence claims.[3]

---

[3] Doc. 1 at 4-7.  Union Pacific also removed based on a substantial federal question embedded in a state-law cause of action.  Doc. 1 at 7-9.

4

Under complete preemption, "a federal statute wholly displaces the state-law cause of action." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).   Under complete preemption, "a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."   *Id*.   The Supreme Court has held that complete preemption applies in only a few, limited areas, such as ERISA and the Labor Management Relations Act.   *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (complete preemption applies to the Labor Management Relations Act, 29 U.S.C. § 185, *et seq*., and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.).   Complete preemption does not apply to RCRA.   *See Mississippi ex rel. Hood v. Meritor, Inc*., 4:17CV74-SA-JMV, 2018 WL 1309722, at *6 (N.D. Miss. Mar. 13, 2018).

Under complete preemption, the plaintiff's state-law claims are converted into federal claims.   *Davila*, 542 U.S. at 209; *Lone Star OB/GYN Associates v. Aetna Health Inc*., 579 F.3d 525, 529 (5th Cir. 2009).   When complete preemption applies, a plaintiff cannot bring state-law claims.   *Davila*, 542 U.S. at 209; *Lone Star*, 579 F.3d at 529.

In the case before the Court, Plaintiffs contend that Union Pacific is arguing that Plaintiffs cannot bring their Texas state-law negligence claims because those claims are allegedly completely preempted.[4]   Union Pacific is not making a complete preemption

---

[4] Doc. 29 at 10.  Plaintiffs' reliance on the district court opinion in *Salvation Army v. Union Pacific* is misplaced.  Doc. 29 at 7, 18; *Salvation Army v. Union Pac. R.R., Inc*., 6:16-CV-

argument.  Union Pacific agrees that Plaintiffs' state-law negligence claims are not barred by RCRA and that Plaintiffs can still bring those claims in this Court.  In its notice of removal, Union Pacific expressly recognized that Plaintiffs could still bring their state-law negligence claims and that this Court has supplemental jurisdiction over those state-law claims.  Doc. 1 at 8.

## B.    This Court has subject-matter jurisdiction over Plaintiffs' claims.

This Court has subject-matter jurisdiction over this case and this case was properly removed; therefore, Plaintiffs' motion to remand should be denied.

### 1.    Plaintiffs alleged a RCRA citizen suit, so this Court has federal-question jurisdiction.

This Court has jurisdiction over this case because Plaintiffs alleged a RCRA citizen suit.  Under RCRA's citizen-suit provisions:

- Any person may sue another person for alleged "violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to" RCRA, 42 U.S.C. § 6972(a)(1)(A); and

- Any person may sue a past or present owner of a treatment, storage, or disposal facility regarding "an imminent and substantial endangerment to health or the environment."  42 U.S.C. § 6972(a)(1)(B).

---

0347, 2016 WL 5798987 (W.D. La. June 23, 2016), report and recommendation adopted, CV 16-0347, 2016 WL 5798791 (W.D. La. Oct. 4, 2016).  In that case, Union Pacific did argue that there was complete preemption. *Salvation Army*, 2016 WL 5798987, at *2.  But Union Pacific is not making that argument here.  Doc. 1.

6

Plaintiffs' petition meets the requirements of a RCRA citizen suit under both provisions because Plaintiffs are specifically (1) suing Union Pacific and the other Defendants for violating RCRA, and (2) suing Union Pacific, which is the property owner, for allegedly creating a cancer risk.  Doc. 1-2 at ¶¶ 10-13, 18; Doc. 1-3 at ¶¶ 6-7.

Plaintiffs' declaration from Phillip Bedient—attached as an exhibit to Plaintiffs' state-court petition—alleges that Defendants violated a RCRA permit.  Bedient states that preparation of a "Conceptual Site Model" ("CSM") "is a key step" in the RCRA regulatory process.  Doc. 1-3 at ¶ 6.    Bedient expressly states that the companies that Union Pacific retained to provide engineering services regarding the Site did not create a proper CSM.  Doc. 1-3 at ¶¶ 6, 9.   Bedient contends that the alleged failure to create a proper CSM resulted in an improper cleanup process under RCRA.  Doc. 1-3 at ¶ 7.   Bedient and Plaintiffs unequivocally allege that Union Pacific and the other Defendants violated RCRA permits, standards, regulations, conditions, and requirements regarding the Site.  42 U.S.C. § 6972(a)(1)(A); Doc. 1-2; Doc. 1-3.  Plaintiffs' petition, therefore, qualifies as a RCRA citizen suit.  42 U.S.C. § 6972(a)(1).

In addition, Plaintiffs are asserting a claim against Defendants for the following:

> "Causing, allowing, and permitting the collection, handling, storage, processing, and disposal of industrial solid waste [and hazardous waste] in such a manner, so as to cause: 1) The creation and maintenance of a nuisance; or 2) The endangerment of the public health and welfare."

Doc. 1-2 at ¶¶ 20(o)-(p).  These allegations also assert claims against the Defendants under RCRA.  Plaintiffs are suing Defendants for the past or present handling, storage, treatment or disposal of any solid or hazardous waste that allegedly presents an imminent and substantial endangerment to health or the environment, which makes this a RCRA citizen suit.  42 U.S.C. § 6972(a)(1)(B).

Plaintiffs' petition qualifies as a RCRA citizen suit even though they couch the suit as a personal-injury suit because they allege violations of RCRA.  Federal courts look to the substance of a plaintiff's claims and not the title that a plaintiff uses when determining the claims that a plaintiff is actually alleging.[5]  Because Plaintiffs' allegations fall within the provisions of a RCRA citizen suit and they have specifically alleged violations of the RCRA federal statute, they are considered to be bringing a RCRA citizen suit.

---

[5] *Cahill v. New York, N. H. & H. R. Co*., 351 U.S. 183, 188 (1956) ("The substance of the pleadings and not their labels should govern our action."); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (in construing pleadings, federal courts look to the "substance, not a label"); *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (The Fifth Circuit has "instructed district courts to determine the true nature of a pleading by its substance, not its label."); *United States v. Gomez-Rosales*, CR 2:09-1046-5, 2016 WL 4246994, at *2 (S.D. Tex. Aug. 10, 2016) ("Because the essence of the pleading controls, the title may be ignored."); *In re Dexterity Surgical, Inc*., 365 B.R. 690, 701 (Bankr. S.D. Tex. 2007) ("This Court has repeatedly recognized that the Fifth Circuit instructs courts to the look to substance of pleadings rather than the labels stated in pleadings in determining what relief the movant seeks.").

Under 42 U.S.C. § 6972, federal courts have exclusive jurisdiction over RCRA citizen suits.[6]  This Court, therefore, has federal-question and exclusive jurisdiction over this case under 28 U.S.C. § 1331 and 42 U.S.C. § 6972.

> **a.**    **Union Pacific's permit at issue is a federal RCRA permit.**

Congress has authorized states to administer federal RCRA permits with the approval of the federal Environmental Protection Agency ("EPA").  42 U.S.C. § 6926; Doc. 1-2 at ¶¶ 10-13, 18; Doc. 1-3 at ¶¶ 6-7.  Since 1984, the EPA has authorized the State of Texas to administer federal RCRA permits in the state.  40 C.F.R. § 272.2201(a).  Union Pacific has federal RCRA permits for the Site issued by the Texas Commission on Environmental Quality ("TCEQ").  Doc. 1-12.

Plaintiffs contend that the permit at issue here is not a federal RCRA permit, but is instead a Texas state permit.  Doc. 29 at 20-21.  Plaintiffs' assertion is incorrect.  The permit in question is a federal RCRA permit that the EPA has authorized the State of Texas to administer through the TCEQ.  The permit itself makes clear that it is a RCRA permit and that "permit noncompliance" "constitutes a violation of RCRA."  Doc. 1-12 at 12.

---

[6] 42 U.S.C. § 6972 ("Any action under paragraph (a)(1) of this subsection shall be brought in the district court for the district in which the alleged violation occurred or the alleged endangerment may occur."); *see also Litgo New Jersey Inc. v. Comm'r New Jersey Dep't of Envtl. Prot*., 725 F.3d 369, 394 (3d Cir. 2013) ("The overwhelming majority of courts that have addressed this issue have read this provision to confer exclusive jurisdiction on federal courts, based on the statute's instruction that RCRA claims '*shall* be brought' in a 'district court.'"); *K-7 Enterprises, L.P. v. Jester*, 562 F. Supp. 2d 819, 827 (E.D. Tex. 2007) ("federal district courts have exclusive jurisdiction over RCRA citizen suits").

The presence or absence of asterisks does not decide federal jurisdiction in this case. The nature of the claims that Plaintiffs chose to assert establishes federal jurisdiction. Plaintiffs base their argument that this is not a federal RCRA permit because there are no asterisks on the permit. Doc. 29 at 21; Doc. 1-12 at 8. But the asterisks address whether the permit is based on federal provisions "for which the Texas Commission on Environmental Quality has not been authorized." Doc. 1-12 at 8. As the EPA explains, "the authorization status of states affects which provisions can be addressed in their state's RCRA hazardous waste permit and may sometimes call for a joint permit from EPA to address the provisions for which the state is not authorized." EPA, *What is a Hazardous Waste Permit?*, https://www.epa.gov/hwpermitting/what-hazardous-waste-permit. In that situation, the permit would have asterisks indicating that those provisions were being administered by the EPA and not the TCEQ. Doc. 1-12 at 8. The permit at issue in this case was one where the EPA has authorized the State of Texas to administer through the TCEQ, so there are no asterisks indicating that TCEQ is not authorized to administer the permit. Doc. 1-12 at 8. Regardless whether the TCEQ or EPA administers the permit, it is still issued pursuant to RCRA, triggering federal jurisdiction under 28 U.S.C. § 1331 and exclusive federal jurisdiction under 42 U.S.C. § 6972.

        **b.**    **Plaintiffs' failure to comply with RCRA's citizen-suit notice requirement does not deprive this Court of jurisdiction.**

The fact that Plaintiffs did not comply with RCRA's citizen-suit notice requirement does not deprive this Court of jurisdiction over Plaintiffs' RCRA citizen suit. *See* Doc. 29 at 18-20. The Fifth Circuit has held that notice requirements under other environmental statutes are not jurisdictional. *Lockett v. E.P.A*., 319 F.3d 678, 682 (5th Cir. 2003) (Clean Water Act citizen-suit notice provision not jurisdictional); *Sierra Club v. Yeutter*, 926 F.2d 429, 437 (5th Cir. 1991) (Endangered Species Act citizen-suit notice provision not jurisdictional); *see also Melton Properties, LLC. v. Illinois Cent. R.R. Co*., 4:18-CV-79-DMB-JMV, 2020 WL 5806890, at *4 (N.D. Miss. Sept. 29, 2020) (RCRA citizen-suit notice provision not jurisdictional). The citizen-suit notice requirement under RCRA is analogous to these other statutes, and the Fifth Circuit's holdings in *Lockett* should be applied in this case.

Therefore, Plaintiffs' failure to provide notice does not deprive this Court of jurisdiction over their RCRA citizen-suit claims.

        **2.**    **This Court also has federal-question jurisdiction because a substantial federal question is embedded in a state-law cause of action.**

This Court also has jurisdiction over this case because it involves a substantial federal question embedded in a state-law cause of action. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570 (2016); *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The Supreme Court has held that in addition to cases where federal law creates

11

a cause of action, there is also federal-question jurisdiction over "a state-law claim if it necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power." *Merrill Lynch*, 136 S. Ct. at 1570 (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (cleaned up).

The Supreme Court has held that there is substantial-federal-issue jurisdiction over a state-law claim when the federal issue is:

1. Necessarily raised;

2. Actually disputed;

3. Substantial; and

4. Capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

*Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons*, 545 U.S. at 314.

Each of those elements is met here, so there is substantial-federal-issue jurisdiction over Plaintiffs' state-law negligence claims:

- Whether the Defendants violated RCRA is necessarily raised because Plaintiffs' state-law negligence claims allege violations of RCRA.  Doc. 1-2 at ¶¶ 10-13; Doc. 1-3 at ¶¶ 6-9.

- Whether the Defendants violated RCRA is actually disputed because the Defendants deny that they have violated RCRA.  Doc. 1-11; Doc. 1-12; Doc. 1- 13; Doc. 1-14.

- Whether the Defendants violated RCRA is a substantial part of Plaintiffs' claims against the Defendants because Plaintiffs base their negligence claims on that allegation, even attaching a

declaration to their petition making that allegation.  Doc. 1-2 at 8-11; Doc. 1-3.

- Whether the Defendants violated RCRA is capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  Congress gave federal courts exclusive jurisdiction over suits regarding alleged RCRA violations, so it has indicated that this is an area where the federal-state balance weighs heavily in favor of federal involvement.  42 U.S.C. § 6972.  Few personal-injury lawsuits raise RCRA violations to support their negligence claims, so federal courts resolving the RCRA issues here will not disrupt the federal-state balance approved by Congress.  *See Grable & Sons*, 545 U.S. at 319.

This Court, therefore, has federal-question jurisdiction over this case under 28 U.S.C. § 1331 and 42 U.S.C. § 6972 because Plaintiffs' claims of RCRA violations create a substantial federal question embedded in a state-law cause of action.

### 3. This Court has supplemental jurisdiction over Plaintiffs' state-law claims.

Because this Court has federal-question jurisdiction over this case under 28 U.S.C. § 1331, it also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state-law claims.  Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

As explained above, this Court has original jurisdiction over this case under 28 U.S.C. § 1331 because Plaintiffs alleged the elements of a RCRA citizen suit and because

13

Plaintiffs' claims of RCRA violations create a substantial federal question embedded in a state-law cause of action. This Court, therefore, has supplemental jurisdiction over Plaintiffs' state-law claims.

## VI.    Conclusion

This Court should deny Plaintiffs' motion to remand because this Court has subject-matter jurisdiction and this case was properly removed. Specifically, this Court has subject matter jurisdiction as follows:

- Federal-question jurisdiction over Plaintiffs' Resource Conservation and Recovery Act ("RCRA") citizen suit under 28 U.S.C. § 1331 and 42 U.S.C. § 6972;

- Federal-question jurisdiction because there is a substantial federal question embedded in Plaintiffs' state-law cause of action under 28 U.S.C. § 1331; and

- Supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367.

Respectfully submitted,

*/s/ Earnest W. Wotring*
Earnest W. Wotring
Attorney-in-Charge
Texas Bar No. 22012400
Southern District No. 15284
Debra Tsuchiyama Baker
Texas Bar No. 15089600
Southern District No. 6943
John Muir
Texas Bar No. 134630477
Southern District No. 9404
David George
Texas Bar No. 00793212
Southern District No. 19330
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis St.
Houston, Texas  77002
Tel: (713) 980-1700
Fax:(713) 980-1701
ewotring@bakerwotring.com
dbaker@bakerwotring.com
jmuir@bakerwotring.com
dgeorge@bakerwotring.com

Elena A. Knezek
KNEZEK LAW
Louisiana Bar No. 26787
*Admitted Pro Hac Vice*
95 Wood Crossing, Suite 100
Lafayette, Louisiana 70508
Telephone: (337) 266-2233
elena@knezeklaw.com

*Attorneys for Defendant*
*Union Pacific Railroad Company*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on the following through ECF on September 7, 2021.

Wayne D. Collins
Afton J. Parker
W.D. COLLINS LAW FIRM PLLC
5535 Memorial Drive, Suite F, Box 1102
Houston, Texas 77007
wayne@wdcollins.com
afton@wdcollins.com

Mike Stenglein, Esq.
Edward F. Fernandes, Esq.
King & Spalding LLP
500 W. 2nd Street
Austin, Texas 78701
mstenglein@kslaw.com
efernandes@kslaw.com

Elizabeth Robertson Taber, Esq.
Mitchell B. Bryant, Esq.
King & Spalding LLP
1100 Louisiana Street, Suite 4000
Houston, Texas 77002
etaber@kslaw.com
mbbryant@kslaw.com

Don Jackson, Esq.
Kiara C. Gradney, Esq.
Ware, Jackson, Lee, O'Neill, Smith & Barrow, LLP
2929 Allen Parkway, 39th Floor
Houston, Texas 77019
donjackson@warejackson.com
kiaragradney@warejackson.com

*/s/ Earnest W. Wotring*
Earnest W. Wotring

16