United States District Court
Southern District of Texas
**ENTERED**
November 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD BRATTON, *et al*, | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-02165 |
| Plaintiffs, | | |
| vs. | | JUDGE CHARLES ESKRIDGE |
| UNION PACIFIC RAILROAD COMPANY, *et al*, | | |
| Defendants. | | |

## ORDER OF REMAND

The motion by Plaintiffs to remand is granted. Dkt 29.

A number of reasons impel this conclusion. Of considerable note, there are at least thirteen cases by other plaintiffs currently pending in Harris County District Court and asserting claims against Union Pacific related to exposure to chemicals at the same contamination site at issue here. See Dkt 27 at 1–2 (collecting cases). Union Pacific hasn't attempted to remove any of those cases.

Other reasons stem from the analogous decisions of *Salvation Army v Union Pacific Railroad Inc*, 2016 WL 5798987 (WD La 2016) (report & recommendation), adopted by 2016 WL 5798791, *1 (WD La), and *Cooper v International Paper Company*, 912 F Supp 2d 1307 (SD Ala 2012).

*First,* the complaint on its face doesn't plead a claim under the federal Resource Conservation and Recovery Act. See Dkt 1-2. And Plaintiffs specifically conceded at hearing that they don't bring—and in fact waive—any such claim in this action. See *Salvation Army*, 2016 WL 5798987

at *5–7. Indeed, the RCRA doesn't provide a remedy for personal injury claims. But that's all that is asserted here. This is why it's clear that Plaintiffs haven't pleaded a cause of action under the citizen-suit provision of the RCRA. See 42 USC § 6972(a)(1)(A) & (B). Union Pacific contends that Plaintiffs' failure to observe the RCRA's notice requirement makes this a "flawed Citizen Suit under the RCRA." Dkt 36 at 4 n 1; see 42 USC § 6972(b)(2). To the contrary, Plaintiffs haven't observed the RCRA's notice requirement because their suit doesn't proceed under it.

*Second,* the RCRA itself includes a savings clause that specifically notes:

> Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any standard or requirement relating to the management of solid waste or hazardous waste, or to seek any other relief (including relief against the Administrator or a State Agency).

42 USC § 6972(f); see also *Salvation Army*, 2016 WL 5798987 at *6; *Cooper*, 912 F Supp 2d at 1319–20, citing, among others, *MSOF Corp v Exxon Corp*, 295 F3d 485, 490–91 (5th Cir 2002). As such, Plaintiffs may choose to rely upon their viable state-law claim alone to "defeat attempts at removal." *Salvation Army*, 2016 WL 5798987 at *2–3 (noting that plaintiff is "master of the claim").

*Third,* all parties agree that Plaintiffs' state-law claims aren't preempted. Dkt 29 at 18–20; Dkt 31 at 8–10. And to the extent that the *artful pleading* doctrine is at play, the Fifth Circuit allows removal on this basis "*only* where federal law completely preempts a plaintiff's state-law claim." Id at *3 (emphasis in original), citing *Bernhard v Whitney Nat'l Bank*, 523 F3d 546, 551 (5th Cir 2008). Union Pacific at hearing candidly acknowledged that the RCRA isn't a statute establishing complete preemption. And in briefing, it likewise acknowledged, "Union Pacific agrees that Plaintiffs' state-law negligence claims are not barred by the RCRA." Dkt 31 at 10. It further argues that

2

"the *Salvation Army* opinion has no relevance to this Court's decision whether there is federal jurisdiction under" a theory of substantial question embedded in a state-law cause of action. This is simply inaccurate. Dkt 36 at 5. The court there addressed removal based on the artful pleading doctrine before concluding that it, too, is applicable *only* where there exists complete preemption. *Salvation Army*, 2016 WL 5798987 at *3 (emphasis in original) (citations omitted).

*Fourth,* to the extent Union Pacific argues the *substantial federal question* doctrine, any dispute here isn't of a nature suitable to that doctrine. "[F]ederal jurisdiction is disfavored for cases that are 'fact-bound and situation-specific' or which involve substantial questions of state as well as federal law." *Cooper*, 912 F Supp 2d at 1312. It thus isn't enough that the permit here at issue informs the standard of care applicable to the state-law claims. The state-law claims must instead "turn on" the resolution of a substantial federal issue under a federal law or regulation. Id at 1314–15 (collecting cases). And that supposed substantial federal issue hasn't been clearly articulated by Union Pacific. To the contrary, Plaintiffs' complaint "does not place in dispute the meaning of any provisions of federal law," and Union Pacific "has not shown that a state court will be called upon to do more than apply a settled federal framework to the facts of this case." Id at 1316–17.

*Fifth,* to the extent that compliance by Union Pacific with its permit administered by TCEQ is at issue, such compliance arises by way of defense to Plaintiffs' state-law claims. And it's well-settled that such potential for a federal defense isn't enough to establish federal question jurisdiction in the first instance. See *Cooper*, 912 F Supp 2d at 1318–19.

The ultimate conclusion in *Salvation Army* pertains:

> [P]laintiffs chose to bring their action asserting solely state law claims. Although they could have brought this action in federal court and asserted a cause of action under the RCRA, they chose not [to] pursue

3

> such claim. Under these circumstances, I find that there is no federal question jurisdiction in this Court.

2016 WL 5798987, at *7.

The motion by Plaintiffs to remand is GRANTED. Dkt 29.

The Clerk shall provide a copy of this Order to the District Clerk for Harris County, Texas.

SO ORDERED.

Signed on November 5, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge